# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

TODD ALLEN SHERWOOD,  )
                      )
    Petitioner,        )
                      )
v.                    )
                      )   Case No. CV413-039
STATE OF GEORGIA,     )
                      )
    Respondent.       )

## **REPORT AND RECOMMENDATION**

On August 13, 2010, Todd Allen Sherwood pled guilty to and thus was convicted of a sex offender registration violation in the Superior Court of Chatham County, Georgia. *See State v. Sherwood*, CR101892, docket at 1 (copy attached). On that day he also was convicted of interference with government property. *See State v. Sherwood*, CR101888, docket at 1 (copy attached). Those two convictions came after a 2008 sex offender registration violation conviction that resulted in prison and a long probation sentence. *See Sherwood v. State*, CR081729, docket at 1 (copy attached).

On February 11, 2013, Sherwood signed and presumably prison-mailed the 28 U.S.C. § 2254 petition now before this Court,[1] doc. 1, plus an accompanying motion for leave to proceed *in forma pauperis* (IFP). Doc. 2. Proceeding *pro se*, Sherwood is vague about what he wants, but the Court will presume that he challenges all of his convictions. Finding him indigent, the Court **GRANTS** his IFP motion. Doc. 2. Upon preliminary review under Rule 4 of the Rules Governing 28 U.S.C. § 2254 proceedings and 28 U.S.C. § 2243, however, the Court concludes that the petition must be dismissed as time barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.[2]

Sherwood reports that he took only one appeal -- of the 2008 conviction -- on June 21, 2011. Doc. 1 at 2. The attached Georgia Court of Appeals docket sheets confirm that appeal date. That court dismissed his appeal via an unpublished opinion on March 6, 2012. *See* attached A12A0780 docket at 2. Sherwood does not say why it was dismissed but

---

[1] Under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266, 271-72 (1988), a document is deemed filed by a pro se prisoner when it is delivered to prison authorities for forwarding to the court. *Id.*; *Martinez v. Sec'y, Dep't of Corrs.*, 2013 WL 212702 at * 1 (M.D. Fla. Jan. 18, 2013).

[2] Federal district courts can raise 28 U.S.C. § 2244(d)(1)'s statute of limitation *sua sponte* and dismiss time barred petitions. *Jackson v. Sec'y for Dep't of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002); 15A Cyc. of Fed. Proc. § 86:131 (*Time for filing*) (2012).

claims he further appealed to the Georgia Supreme Court. That court dismissed his appeal, he represents, "because out of time." Doc. 1 at 3.

He is likewise out of time here. As explained in *Wood v. Milyard*, ___ U.S. ___, 132 S.Ct. 1826, 1831 (2012), state court defendants have just one year to seek federal habeas relief. The one-year limitations clock of 28 U.S.C. § 2244(d)(1)(A) ticks so long as the petitioner does not have a direct or collateral appeal in play. *Penney v. Sec'y, Dept. of Corr.*, ___ F.3d ___, 2013 WL 424888 at *4 (11th Cir. Feb. 5, 2013); *French v. Carter*, 828 F. Supp. 2d 1309, 1314 (S.D. Ga. 2012). Petitioners like Sherwood thus must keep the ball rolling between rulings. Gaps anywhere along the way can be fatal. *French*, 828 F. Supp. 2d at 1314; *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012). And one timely claim does not resurrect untimely claims. *Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013).

Sherwood did not file *any* appeal from his 2010 convictions, so they are now time barred outright. And he did not appeal his 2008 conviction until 2011, so that's dead in the water too. Nor is there any suggestion that equitable tolling, otherwise "a rare and extraordinary remedy," *Doe v. United States*, 469 F. App'x 798, 800 (11th Cir. 2012), should be

3

applied. Only indolence is apparent here, and that can be fatal. *Everett*, 861 F. Supp. 2d at 1372–73; *Potter v. Taylor*, 2013 WL 126423 at * 1 (S.D. Ga. Jan. 2, 2013).

Accordingly, Todd Allen Sherwood's § 2254 petition must be **DISMISSED** as untimely. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  27th  day of February, 2013.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA